THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JC EPHRAIM, JR, <br><br> Plaintiff, <br><br> v. <br><br> BENEFICIAL WASHINGTON INC., et al., <br><br> Defendants. | CASE NO. C14-0748-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion to dismiss or, alternatively, for a more definite statement (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.   DISCUSSION**

On May 12, 2014, Plaintiff filed a complaint in state court asserting numerous causes of action related to a home loan issued by Defendants. (Dkt. No. 1, Ex. 2.) Defendants removed to federal court on the basis of federal-question jurisdiction because Plaintiff made claims under the Fair Debt Collection Practices Act ("FDCPA"). *See* 28 U.S.C. § 1331.

Defendants filed a motion to dismiss on May 29, 2014. (Dkt. No. 5.) Plaintiff, who is proceeding pro se, did not respond. Having reviewed the complaint, the Court concludes that the

motion to dismiss has merit. However, "[d]ismissal without leave to amend is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. County of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012). Plaintiff's complaint generally describes an unfair and perhaps predatory refinancing and loan-modification process. Plaintiff has failed to describe any circumstances with particularity, and the lack of supporting factual allegations is fatal on this motion to dismiss. Because the Court concludes that Plaintiff could amend his complaint to cure the identified deficiencies, the Court grants Plaintiff leave to amend and briefly reviews the claims below.

### 1. Breach of Contract

Plaintiff's complaint does not plead the existence of a contract or explain how Defendants breached any contract. *See Wells Fargo Bank v. Genung*, No. C13-0703-JLR, 2013 WL 6061592 at *3 (W.D. Wash. 2013) (party alleging breach of contract under Washington law must show the existence of a valid contract, a breach of that contract, and resulting damages). Plaintiff must identify a relevant contract and explain how the defendant violated the terms of that contract in order for his claims to survive a motion to dismiss.

### 2. Violation of Wash. Rev. Code § 61.24.030

Section 61.24.030 of the Washington Revised Code establishes the requirements for proceeding with a trustee's sale. However, Plaintiff does not describe which requirements Defendants failed to comply with.

### 3. Violation of Washington's Consumer Protection Act

The elements of a CPA claim are: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to the plaintiff or the plaintiff's business or property; and (5) an injury that is causally linked to the unfair or deceptive act. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Plaintiff has not described which acts he believes violated the CPA or how those acts would satisfy these requirements.

**4. Fraud and Predatory Lending Claims**

Washington law does not recognize a claim for predatory lending. *See Lapinski v. Bank of* America, No. 2014 WL 347274 at *2 (W.D. Wash., Jan. 30, 2014) (citing cases). To the extent that Plaintiff makes an independent claim for fraud, he must establish nine elements:

> "(1) Representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance upon the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff."

*Lapinski*, 2014 WL 347274 at *2. A party alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened pleading standard requires a plaintiff to include in his complaint the "who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp., USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994).

Plaintiff generally alleges that Defendant has misled him, but has failed to identify specific representations, explain how they are false, or describe misrepresentations with enough supporting details to satisfy this standard.

**5. Promissory Estoppel**

The elements of a promissory-estoppel claim are "(1) a promise, (2) that promisor should reasonably expect to cause the promisee to change his position, and (3) actually causes the promisee to change position, (4) justifiably relying on the promise, (5) in such a manner that injustice can be avoided only be enforcement of the promise." *McCormick v. Lake Washington Sch. Dist.*, 992 P.2d 516 (1999). Plaintiff generally alleges that Defendant had a practice of "stringing [him] along," (Dkt. No. 1 at 9) but does not identify any promises upon which he justifiably relied.

### 6. Libel and Defamation

To establish a defamation claim, the plaintiff must show that the defendant made a false, unprivileged statement that proximately caused damages. *See Alpine Indus. Computers, Inc. v. Cowles Pub. Co.*, 57 P.3d 1178, 1183 (2002). The Complaint states that Defendants falsely accused him of not paying his debts but it also suggests that he did indeed fall behind on his payments. (Dkt. No. 1.) Plaintiff has thus failed to allege the existence of a false statement.

### 7. Violation of the Fair Debt Collection Practices Act

Section 1692f of the Fair Debt Collection Practices Act ("FDCPA") provides that debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt" and lists a number of actions that violate the statute. 15 U.S.C. § 1692f. Most likely relevant here is that debt collectors may not take or threaten to take nonjudicial action to effect dispossession or disablement of property absent a right to possession. 15 U.S.C. § 1692f(6)(A). Plaintiff does not allege that Defendants lacked a possessory right in the relevant property.

### 8. Violations of the Bankruptcy Protection Act, Civil Rights Act, and Americans with Disabilities Act

Plaintiff identifies no statutory provisions or factual support for claims under these statutes. Plaintiff may be suggesting that he lacked the ability to comprehend various loan modifications, but the complaint is unclear on this subject. (Dkt. No. 1-2 ¶ j.)

## II.   CONCLUSION

The Court GRANTS Defendant's motion to dismiss. (Dkt. No. 5.) Because the Court concludes that Plaintiff could cure the identified deficiencies by amending his complaint, the Court dismisses his claims without prejudice and grants him leave to amend. Plaintiff must file his amended complaint no later than thirty (30) days from the date of this order. Failure to do so may result in dismissal of this action without further notice.

//

//

1  DATED this 18th day of July 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE